## DEERING v. LAWRENCE *et al.*

**Fraudulent Conveyance:** HUSBAND AND WIFE: EVIDENCE. Defendant held the title to a farm which had been paid for in part with his wife's money, and which they contracted to sell on certain terms, but the sale was not to be consummated until a subsequent date. Prior to that date they made and recorded a deed to the purchaser without his knowledge; but he accepted the conveyance and paid for the land. With a portion of the purchase money the

wife bought other land, taking title to herself. A few days prior to the making of the voluntary deed, defendant was sued by plaintiff, and judgment was afterwards obtained against him. The wife did not know that he was indebted, and knew nothing of plaintiff's claim until after the first farm had been sold and paid for; and she contracted for the second one, and made a payment thereon, some months before the action was brought against defendant. *Held* that, though there is some evidence of a fraudulent intent upon defendant's part in making the voluntary deed, there is nothing to show that the wife participated therein; and, having purchased the second farm with her share of the proceeds of the first one, she was properly adjudged to hold it free from liability for the plaintiff's judgment.

*Appeal from Lyon District Court.*—Hon. George W. Wakefield, Judge.

Filed, February 12, 1890.

Action in equity to subject real estate to the payment of a judgment. There was a trial on the merits, and a judgment in favor of defendants. The plaintiff appeals.

*E. T. Greenleaf*, for appellant.

*E. C. Roach*, for appellees.

Robinson, J.—On the third day of January, 1887, plaintiff obtained a judgment in justice's court against defendant J. H. Lawrence, for the sum of $132.07 and costs. A transcript thereof was filed on the same day in the office of the clerk of the district court of Lyon county. An execution was issued thereon by the clerk of the district court, and returned unsatisfied. On the seventeenth day of February, 1887, a deed was executed to defendant Hannah L. Lawrence, conveying an eighty-acre tract of land. Appellant seeks to have that land subjected to the payment of his judgment.

I. Appellant claims that the land in controversy was purchased with money which belonged to defendant J. H. Lawrence, and that the title thereto was taken in

the name of his wife and co-defendant, Hannah L.
Lawrence, for the purpose of hindering, delaying and
defrauding his creditors, and that his wife participated
in the fraud.

The material facts appear to be as follows : In the
spring of 1883, defendants purchased a farm in Lyon
county, for which they paid the sum of twenty-four
hundred dollars, of which one thousand dollars was
paid by the wife with money which belonged to her.
The title was taken in the name of the husband. On the
eighth day of September, 1886, the husband entered
into an agreement with one V. T. Reynolds for the sale
of the farm for the sum of four thousand dollars, stip-
ulating that two hundred dollars thereof should be
paid on the first day of the next month, eighteen
hundred dollars on the first day of March, 1887, and
the remainder by the assuming and paying by Reynolds
of a mortgage on the farm of two thousand dollars. A
deed was to be made on the payment of the eighteen
hundred dollars, March 1, 1887, and Reynolds was
to pay the interest on the mortgage debt from that
date. On the twenty-second of December, 1886, plaintiff
commenced the action in which the judgment in contro-
versy was rendered on a note given by J. H. Lawrence
on the first day of July, 1884. Service of the original
notice was acknowledged by Lawrence on the day the
action was commenced. On the twenty-fourth day of
December, 1886, defendants executed a deed for their
farm to V. T. Reynolds, without his knowledge, and
caused it to recorded. It was afterwards accepted by
the grantee, and full payment for the farm was made
by him on the fourteenth day of February, 1887. A
portion of the money so paid was used by Hannah L.
Lawrence in paying for the land in controversy.

There is some ground for believing that the making
and recording of the deed to Reynolds was fraudulent
on the part of the husband, but we are of the opinion
that fraud on the part of the wife has not been shown,
and that she is entitled to the land for which she holds

a deed, as against the plaintiff. When the agreement for the sale of the farm to Reynolds was made, she had no knowledge of the claim of plaintiff, nor did she know of it until after Reynolds had made full payment. She did not know that her husband was insolvent. After the Reynolds agreement was made, she commenced negotiations for the land in question; and on the first day of October, 1886, entered into a contract for its purchase, and paid thereon the sum of fifty dollars. Even had she known of plaintiff's claim when his action was commenced, she would have been authorized to protect her interest in the land conveyed, provided that in so doing she acted in good faith, and without any intent to defraud the plaintiff. The evidence fails to show that she participated in the alleged fraud of her husband.

II. It is claimed that Mrs. Lawrence paid her money in the purchase of the farm without any agreement that it should be refunded to her, and, therefore, that she cannot now claim it, nor the proceeds thereof, as against her husband's creditors. But the evidence satisfies us that she never intended to relinquish her right to the money, nor to the property in which it was invested, and that her right to it, and to its proceeds, was at all times recognized by her husband. The judgment of the district court is          AFFIRMED.